# In the United States Court of Federal Claims

No. 19-1113T

Filed: April 15, 2021

|  |  |  |
|---|---|---|
| ANDREW P. MATTSON, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Tax Refund Claim; RCFC 12(b)(1); Subject-Matter Jurisdiction; I.R.C. § 6061; I.R.C. § 6065; Signature Verification Requirement; Waiver. |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) | |

*Kathryn Magan*, Counsel of Record, Magan Law, PLLC, North Richland Hills, TX, for plaintiffs.

*Courtney M. Hutson*, Trial Attorney, *Mary M. Abate*, Of Counsel, *David I. Pincus*, Chief, *Richard E. Zuckerman*, Principal Deputy Assistant Attorney General, United States Department of Justice, Tax Division, Court of Federal Claims Section, Washington, DC, for defendant.

**MEMORANDUM OPINION AND ORDER**

GRIGGSBY, Judge

## I. INTRODUCTION

In this tax refund action, plaintiffs, Andrew P. Mattson and Lindsey J. Mattson, seek a refund of certain federal income tax paid during tax year 2016, pursuant to 26 U.S.C. § 7422. Am. Compl. at ¶¶ 1, 3, 50-51. The government has moved to dismiss this matter for lack of subject-matter jurisdiction, upon the ground that plaintiffs failed to duly file their tax refund claim before commencing this action, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Def. Mot. For the reasons set forth below, the Court **GRANTS** the government's motion to dismiss and **DISMISSES** the amended complaint.

## II.  FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.  Factual Background

This case is one of several tax refund matters before the Court alleging that the Internal Revenue Service ("IRS") has waived the signature verification requirement for a tax refund claim. In this case, plaintiffs, Andrew P. Mattson and Lindsey J. Mattson, seek a refund in the amount of $21,190.00 of certain federal income tax paid during tax year 2016, based upon the foreign earned income exclusion under Section 911 of the Internal Revenue Code ("I.R.C."), plus interest, attorney's fees and other costs. *See generally* Am. Compl.

As background, plaintiffs are United States citizens who are married. Pl. Ex. A at 2. Plaintiffs reside in Alice Springs, Australia and they are employed by the Raytheon Company at the Joint Defense Facility Pine Gap. Am. Compl. at ¶ 36.

In 2015, plaintiffs signed a closing agreement as a condition of their employment with the Raytheon Company. *Id.* at ¶ 27. It is undisputed that this closing agreement provides that plaintiffs waive the right to claim the foreign earned income exclusion pursuant to I.R.C. Section 911. *Id.*; Def. Mem. at 5.

On April 10, 2017, plaintiffs timely filed their original Form 1040 U.S. income tax return for tax year 2016. Am. Compl. at ¶ 37. In connection with this tax return, plaintiffs paid $21,191.00 in income taxes for tax year 2016. *Id.* at ¶ 38; Pl. Ex. A at 2.

Plaintiffs subsequently retained the services of a tax accounting firm—Castro & Co., LLC ("Castro & Co.")—to prepare an amended tax return for tax year 2016. Am. Compl. at ¶ 39. Castro & Co. concluded that plaintiffs were entitled to claim the foreign earned income exclusion on their amended tax return.[2] *Id.* at ¶ 40. And so, Castro & Co. timely filed a Form

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the amended complaint ("Am. Compl.") and the exhibits attached thereto ("Pl. Ex."); the government's motion to dismiss ("Def. Mot.") and memorandum in support thereof ("Def. Mem.") and the exhibits attached thereto ("Def. Ex."); plaintiffs' response and opposition to the government's motion to dismiss ("Pl. Resp."); and the government's reply in support of its motion to dismiss ("Def. Reply"). Unless otherwise noted herein, the facts recited are undisputed.

[2] Section 911 of the I.R.C. permits qualified individuals to exclude foreign earned income from their gross income and to exempt such income from tax. 26 U.S.C. § 911(a)(1).

2

1040X amended tax return for tax year 2016 on behalf of plaintiffs, which claimed this exclusion.[3]  *Compare* Pl. Ex. B at 6 *with* Def. Ex. 3 at 003; *see also* Def. Mem. at 4 n.4.  It is undisputed that this amended tax return was the only amended tax return that plaintiffs filed with the IRS for tax year 2016.  Def. Mem. at 7; *see generally* Pl. Resp. (showing that plaintiffs do not dispute that they only filed one amended tax return for tax year 2016).

It is also undisputed that plaintiffs did not sign their amended tax return and that an employee of Castro & Co.—Tiffany Michelle Hunt—signed the amended tax return on plaintiffs' behalf.  Pl. Resp. at 4; Def. Ex. 3 at 003.  It is similarly undisputed that plaintiffs did not include a power of attorney authorizing Tiffany Michelle Hunt, or any other representative of Castro & Co., to sign their amended tax return.  Pl. Resp. at 10; Def. Mem. at 4.

On or about November 14, 2018, Castro & Co. sent the IRS a Form 2848 stating that three of its employees—John Anthony Castro, Tiffany Michelle Hunt, and Kasondra Kay Humphreys—had the authority to represent Andrew Mattson before the IRS with respect to, among other things, plaintiffs' 2016 tax return.  Def. Mem. at 4; Def. Ex. at 4.  Tiffany Michelle Hunt initialed the Form 2848 on behalf of Mr. Mattson.  Def. Mem. at 4 (citing Def. Ex. 4 at 3).  But, the box on line 5a of the Form 2848, which would authorize John Anthony Castro, Tiffany Michelle Hunt and Kasondra Kay Humphreys to sign plaintiffs' amended 2016 tax return, was not checked on the form.  Def. Mem. at 5; Pl. Resp. at 4.

On or about April 26, 2019, the IRS sent plaintiffs a letter commonly known as a Letter 569, stating that the IRS examined plaintiffs' tax refund claim and proposed to fully disallow the claim for the following reason:

> Our records show that as an employee of Raytheon E Systems living and working in Australia, you may have entered into a closing agreement with the U.S. Internal Revenue Service irrevocably waiving your rights to claim the Foreign Earned Income under Internal Revenue Code section 911 (a). This waiver covers any income that was paid or provided to you as a consideration for services provided by your employer (Raytheon)[.]

---

[3] The parties disagree about the date on which Castro & Co filed plaintiffs' 2016 amended tax return. Plaintiffs represent that their amended tax return was filed "on or about February 22, 2019." Am. Compl. at ¶ 41.  The government represents that the IRS received plaintiffs' amended return on October 3, 2018. Def. Mem. at 3.

3

> In return for agreeing not to claim the section 911 exclusion, the government of Australia has entered into an agreement with the United States Government not to subject the income earned by the taxpayer to the Australian taxes. Therefore, you are not allowed to claim the Foreign Earned Income Exclusion under Internal Revenue Code section 911(a).

Pl. Resp. Ex. 1 at 1-005. In addition, the Letter 569 states that:

> If you don't agree with our findings, you may request a meeting or telephone conference with the supervisor of the person identified in the heading of this letter. If you still don't agree with our findings, we recommend that you request a conference with our Appeals Office. If you request a conference, we will forward your request to the Appeals Office and they will contact you to schedule an appointment.

*Id.* at 1-003, 1-008.

On May 28, 2019, John Castro submitted a Form 12203 Request for Appeals Review of the IRS's disallowance to the IRS on plaintiffs' behalf. Def. Mem. at 6; Def. Ex. 5. It is undisputed that plaintiffs did not sign the Form 12203. *Id.*; Pl. Resp. at 3. On May 30, 2019, the IRS sent plaintiffs a Letter 907 requesting that plaintiffs consent to extend the assessment statute expiration date with respect to the 2016 tax year. Def. Mem. at 6; Def. Ex. 6. Plaintiffs did not respond to the Letter 907. Def. Mem. at 6.

On or about July 15, 2019, plaintiffs received a second Letter 569 from the IRS stating that the IRS proposed to disallow plaintiffs' tax refund claim for the same reasons stated in the IRS's original Letter 569. Pl. Resp. Ex. 1 at 1-008-1-010. After plaintiffs commenced this tax refund action on July 31, 2019, the IRS issued a legal notice of full disallowance of plaintiffs' tax refund claim on February 7, 2020. *Id.* at 1-011; *see also* Compl.

### B.  Procedural Background

Plaintiffs commenced this tax refund action on July 31, 2019. *See generally* Compl. On March 3, 2020, plaintiffs filed an amended complaint. *See generally* Am. Compl.

On March 4, 2020, the government filed a motion to dismiss this matter for lack of subject-matter jurisdiction, pursuant to RCFC 12(b)(1). *See generally* Def. Mot. On April 1, 2020, plaintiffs filed a response and opposition to the government's motion to dismiss. *See generally* Pl. Resp. On April 24, 2020, the government filed a reply in support of its motion to dismiss. *See generally* Def. Reply.

On October 21, 2020, the government filed a joint status report on behalf of the parties requesting that the government be permitted to file a supplemental brief in support of its motion to dismiss on the issue of whether the waiver doctrine set forth in *Angelus Milling Co. v. C.I.R.*, 325 U.S. 293, 296 (1945), can apply to the signature verification requirement for tax refund claims. *See generally* JSR, dated October 21, 2020. On the same date, the Court issued a Scheduling Order permitting supplemental briefing on this issue. *See generally* Scheduling Order, dated October 21, 2020.

On November 4, 2020, the government filed a supplemental brief in support of its motion to dismiss. *See generally* Def. Suppl. Br. On November 23, 2020, plaintiffs filed a response to the government's supplemental brief. *See generally* Pl. Suppl. Resp.

On April 5, 2021, plaintiffs filed a motion for leave to file additional authority in opposition to the government's motion to dismiss, which the Court granted on April 6, 2021. *See generally* Pl. Mot.

These matters having been fully briefed, the Court resolves the pending motion to dismiss.

### III.  LEGAL STANDARDS

#### A.  Jurisdiction And RCFC 12(b)(1)

When deciding a motion to dismiss upon the ground that the Court does not possess subject-matter jurisdiction pursuant to RCFC 12(b)(1), this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); RCFC 12(b)(1). But, plaintiffs bear the burden of establishing subject-matter jurisdiction and they must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). And so, should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Tucker Act is, however, "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976) (citation omitted). And so, to pursue a substantive right against the United States under the Tucker Act, plaintiffs must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States. *Cabral v. United States*, 317 F. App'x 979, 981 (Fed. Cir. 2008) (citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc)); *see also Martinez v. United States*, 333 F.3d 1295, 1302 (Fed. Cir. 2003). "[A] statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" *Fisher*, 402 F.3d at 1173 (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)).

### B.     Tax Refund Claims And The Signature Verification Requirement

Title 26, United States Code, Section 7422(a) provides the money-mandating source of law for bringing a tax refund claim in this Court. *Dumont v. United States*, 85 Fed. Cl. 425, 427-28 (2009). Specifically, Section 7422 provides that:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).

In addition, I.R.C. Section 6061 provides that "any return, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall be

6

signed in accordance with forms or regulations prescribed by the Secretary." 26 U.S.C. § 6061(a). I.R.C. Section 6065 further provides that "[e]xcept as otherwise provided by the Secretary, any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that is made under the penalties of perjury." 26 U.S.C. § 6065.

A tax refund claim must also comply with the Treasury Regulations that apply to a tax refund claim. These regulations require that:

> The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. The statement of the grounds and facts must be verified by a written declaration that is made under the penalty of perjury. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.

26 C.F.R. § 301.6402-2(b)(1). The IRS has also promulgated regulations which require that a refund claim may only be verified by someone other than the taxpayer if a power of attorney accompanies the claim. *Id.* at § 301.6402-2(e). Such a power of attorney must contain a "clear expression of the taxpayer's intention concerning the scope of authority granted to the recognized representative(s)." *Id.* at § 601.503(a)(6).

While the United States Court of Appeals for the Federal Circuit has not addressed the question of whether the signature verification requirement for tax returns and tax refund claims can be waived by the Treasury Secretary, several other courts have considered this question. For example, the United States Court of Appeals for the First Circuit has held that the signature verification requirement cannot be waived in a tax refund case, because the IRS does not have the authority to pay a refund claim to a claimant that is not the taxpayer, unless the claimant is the duly authorized agent of the taxpayer. *Turks Head Club v. Broderick*, 166 F.2d 877, 882 (1st Cir. 1948) (holding that the verification signature requirement "is not the kind of formal defect in refund claims with respect to which the cases have recognized the possibility of a waiver by the Commissioner"). The United States Court of Appeals for the Tenth Circuit has also held, within the context of a tax return case, that the signature verification requirement is statutory and cannot be waived. *Olpin v. C.I.R.*, 270 F.3d 1297, 1300 (10th Cir. 2001) ("The Code clearly states that, in order to be valid, a tax return must be signed.").

This Court has also addressed the signature verification requirement in several recent cases. In *Gregory v. United States*, the Court held that "[t]he taxpayer signature requirement is statutory in nature and thus the waiver doctrine is inapplicable." *Gregory v. United States*, 149 Fed. Cl. 719, 724 (2020). In *Brown v. United States*, the Court similarly held that "the taxpayer signature requirement is statutory and, therefore, cannot be waived," because I.R.C. Sections 6061 and 6065 require taxpayers to sign their tax returns. *Brown v. United States*, 151 Fed. Cl. 530, 536 (2020). Most recently, the Court held in *Quattrini v. United States* that taxpayers who fail to comply with the signature verification requirement have not "duly filed" their tax refund claims, as required to invoke the Court's jurisdiction under the Tucker Act. *Quattrini v. United States*, No. 19-1323T, 2021 WL 1085927, at *6 (Fed. Cl. March 22, 2021).

### C. The Informal Claim Doctrine

Lastly, the informal claim doctrine allows the Court to consider a tax refund claim that has been rejected by the IRS, when an amendment remedies the claim's defects. Specifically, in *United States v. Kales*, the Supreme Court held that a timely "notice fairly advising the Commissioner of the nature of the taxpayer's claim . . . will nevertheless be treated as [an effective] claim where formal defects . . . have been remedied by amendment filed after the lapse of the statutory period." *United States v. Kales*, 314 U.S. 186, 194 (1941). Given this, an informal claim may be "perfected" by an amendment fairly appraising the IRS of the basis for the claim, notwithstanding a lapse of the statute of limitations before the amendment was filed. *Id.* at 192; *see also United States v. Memphis Cotton Oil Co.*, 288 U.S. 62, 72 (1933). The Federal Circuit has held, however, that "the IRS's jurisdiction over the claim necessarily terminates on the date a refund suit is filed." *Computervision Corp. v. United States*, 445 F.3d 1355, 1372 (Fed. Cir. 2006) (holding that the informal claim doctrine did not apply where a suit was brought before plaintiff's claim was perfected). And so, the informal claim doctrine does not apply once a suit is brought if the claim has not previously been perfected by an amendment. *Id.*

### IV. LEGAL ANALYSIS

The government has moved to dismiss this tax refund matter for lack of subject-matter jurisdiction, upon the ground that plaintiffs have not "duly filed" the amended tax return upon which they base their tax refund claim. Def. Mem. at 10-13. Specifically, the government

8

argues that plaintiffs neither signed their amended tax return nor provided a power of attorney with the amended tax return, as required under the I.R.C. and the applicable Treasury Regulations. *Id.* And so, the government maintains that plaintiffs' failure to comply with this signature verification requirement deprives the Court of jurisdiction to consider plaintiffs' tax refund claim. Def. Suppl. Br. at 1; *see also* 26 U.S.C. § 7422.

Plaintiffs acknowledge that they neither signed their 2016 amended tax return nor provided a power of attorney with this amended tax return. Pl. Resp. at 4. But, they counter that the Court may, nonetheless, consider their tax refund claim for two reasons. First, plaintiffs argue that the IRS waived the deficiencies in their amended tax return by investigating the merits of their tax refund claim. *Id.* at 3-10; *see also Angelus Milling Co. v. C.I.R.*, 325 U.S. 293, 296 (1945). In this regard, plaintiffs contend that the signature verification requirement is a regulatory requirement that can be waived by the IRS and that the IRS waived the requirement in this case. Pl. Resp. at 5-6; Pl. Suppl. Resp. at 4-11. Second, plaintiffs argue that their amended tax return is an informal tax refund claim that can be perfected by an amendment. Pl. Resp. at 10-11. And so, plaintiffs request that the Court deny the government's motion to dismiss. *Id.* at 11.

For the reasons discussed below, a careful review of the I.R.C. and the relevant Treasury Regulations shows that the signature verification requirement is a statutory requirement that cannot be waived by the IRS. Because it is undisputed that plaintiffs failed to comply with this requirement in connection with the filing of their amended tax return, plaintiffs have not "duly filed" their tax refund claim as required under 26 U.S.C. § 7422. In addition, the undisputed facts in this tax refund case show that the informal claim doctrine is inapplicable to plaintiffs' tax refund claims, because plaintiffs failed to file an amended tax return to correct the deficiencies in their 2016 amended tax return before commencing this action. And so, for the reasons discussed below, the Court **GRANTS** the government's motion to dismiss and **DISMISSES** the amended complaint.

    **A.** **Plaintiffs Have Not Established Jurisdiction**

As an initial matter, plaintiffs have not established that the Court possesses subject-matter jurisdiction to consider their tax refund claim, because plaintiffs have not shown that they "duly filed" their 2016 amended tax return. To establish subject-matter jurisdiction in this tax refund

case, plaintiffs must show that they have satisfied the requirements for bringing a tax refund action in this Court. Specifically, title 26, United States Code, section 7422(a) provides that:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, *until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof*.

26 U.S.C. § 7422(a) (emphasis supplied). And so, a tax refund claim that has not been "duly filed" with the Treasury Secretary cannot be considered by this Court. *Id*.; *Chicago Milwaukee Corp. v. United States*, 40 F.3d 373, 374 (Fed Cir. 1994) (holding that compliance with section 7422 is a jurisdictional prerequisite to bringing a tax refund suit).

To establish that they have "duly filed" their 2016 amended tax return, plaintiffs must show that they complied with all applicable laws and regulations, including the signature verification requirement. In this regard, title 26, United States Code, Section 6061 governs the signing of tax returns and other documents and provides, in relevant part, that "any return, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall be signed in accordance with forms or regulations prescribed by the Secretary." 26 U.S.C. § 6061(a). Title 26, United States Code, Section 6065 governs the verification of tax returns and this statute provides, in relevant part, that "[e]xcept as otherwise provided by the Secretary, any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that is made under the penalties of perjury." 26 U.S.C. § 6065.

Plaintiffs' tax refund claim must also comply with the Treasury Regulations, which provide that:

> The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. The statement of the grounds and facts must be verified by a written declaration that is made under the penalty of perjury. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.

10

26 C.F.R. § 301.6402-2(b)(1). The Treasury Regulations also require that a tax refund claim may only be verified by someone other than the taxpayer if a power of attorney accompanies the claim. *Id.* at § 301.6402-2(e).

In this case, it is without dispute that plaintiffs have not complied with the IRS's signature verification requirement, because plaintiffs acknowledge that they neither signed their 2016 amended tax return nor provided a valid power of attorney for that amended tax return. Pl. Resp. at 4, 10; Def. Mem. at 4; Def. Ex. 3 at 003. Given this, the undisputed facts in this case make clear that plaintiffs did not "duly file" their tax refund claim as required by 26 U.S.C. § 7422. And so, the Court must dismiss this tax refund case for lack of subject-matter jurisdiction. RCFC 12(b)(1).

### B.   The Waiver Doctrine Is Not Applicable

The Court is also not persuaded by plaintiffs' argument that they may pursue this tax refund case, because the IRS has waived the signature verification requirement. Pl. Resp. at 5-6; Pl. Suppl. Resp. at 4-11. In *Angelus Milling Co. v. C.I.R.*, the Supreme Court held that the Commissioner of the IRS, acting through his agents, could waive the requirements of Treasury Regulation 96 by investigating the merits of a defective tax refund claim and taking action upon it. *Angelus Milling Co. v. C.I.R.*, 325 U.S. 293, 296 (1945). Specifically, the Supreme Court identified three requirements that must be met to show that the IRS waived the requirements of the Treasury Regulations, namely, that: (1) the IRS must have "investigated the merits" of the refund claim at issue; (2) the IRS must have "taken action" upon the refund claim; and (3) the IRS' determination to "dispense with" the formal regulatory requirements and to examine the merits of the claim must be "unmistakable." *Id.* at 296-98. But, the Supreme Court also made clear that an explicit *statutory* requirement related to a tax refund claim cannot be waived. *Id.* at 296 (holding that, insofar as Congress uses its power to legislate to make explicit statutory requirements, these statutory requirements "must be observed and are beyond the dispensing power of Treasury officials.").

The I.R.S's signature verification requirement is such a non-waivable statutory requirement. As this Court recently held is *Quattrini v. United States*, Sections 6061 and 6065 of the I.R.C. mandate that a taxpayer sign a tax refund claim. *Quattrini v. United States*, 2021 WL 1085927, at *6. I.R.C. Section 6061 provides that "any return, statement, or other document

11

required to be made under any provision of the internal revenue laws or regulations *shall be signed* in accordance with forms or regulations prescribed by the Secretary." 26 U.S.C. § 6061(a) (emphasis supplied). I.R.C. Section 6065 further provides that "[e]xcept as otherwise provided by the Secretary, any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations *shall contain or be verified by a written declaration* that is made under the penalties of perjury." 26 U.S.C. § 6065 (emphasis supplied).

The use of the word "shall" in theses statutory provisions makes clear that Sections 6061 and 6065 require that a tax return or other document filed with the IRS be signed and that a tax return or other document must also be verified by a written declaration under penalty of perjury. *See, e.g.*, *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 432 n.9 (1975) ("'shall' generally means 'must'"); *see also James v. C.I.R.*, 322 F. Appx. 503, 504 (9th Cir. 2009) (holding that "26 U.S.C. § 6065 . . . requires that returns be signed under penalty of perjury"); *Olpin v. C.I.R.*, 270 F.3d 1297, 1300 (10th Cir. 2001) ("The Code clearly states that, in order to be valid, a tax return must be signed."). And so, the Court reads Sections 6061 and 6065 to mandate the signature verification requirement for a tax refund claim.

Plaintiffs' argument that Sections 6061 and 6065 of the I.R.C. do not specifically require that the taxpayer sign and verify a tax refund claim is also belied by the plain language of these statutes. Pl. Resp. at 5-6. Section 6061 of the I.R.C. requires a signature verification for any tax return, statement or other document "*required to be made*" under any provision of the internal revenue laws or regulations. 26 U.S.C. § 6061(a) (emphasis supplied). Section 6065 of the I.R.C. similarly provides that any tax return, declaration, statement or other document "*required to be made*" contain or be verified by a written declaration that is made under the penalties of perjury. 26 U.S.C. § 6065 (emphasis supplied). Because the only individual who is required to file a tax return or tax refund claim is the taxpayer, the Court reads these two statutes to mandate that the taxpayer sign and verify a tax return or tax refund claim. *See* I.R.C. § 6012(a)(1)(A) (providing that tax returns shall be made by "[e]very individual having for the taxable year gross income which equals or exceeds the exemption amount").

As the Court recognized in *Quattrini*, the Court's reading of Sections 6061 and 6065 of the I.R.C. to mandate the signature verification requirement is consistent with several cases that

12

have considered this requirement in tax refund and tax return matters. *Quattrini*, 2021 WL 1085927, at *7. In *Turks Head Club v. Broderick*, the United States Court of Appeals for the First Circuit held that the signature verification requirement cannot be waived in a tax refund case, because the IRS does not have the authority to pay a refund claim to a claimant that is not the taxpayer, unless the claimant is the duly authorized agent of the taxpayer. *Turks Head Club v. Broderick*, 166 F.2d 877, 882 (1st Cir. 1948) (holding that the signature verification requirement "is not the kind of formal defect in refund claims with respect to which the cases have recognized the possibility of a waiver by the Commissioner"). The United States Court of Appeals for the Tenth Circuit has also considered the signature verification requirement under Sections 6061 and 6065 of the I.R.C., within the context of a tax return case, and held that this requirement is statutory, and therefore, cannot be waived. *Olpin v. C.I.R.*, 270 F.3d 1297, 1301 (10th Cir. 2001) (holding that "acceptance [by the IRS] cannot cure an invalid [tax] return").

This Court has also held that the signature verification requirement is statutory and, therefore, cannot be waived in several cases that are essentially identical to this case. *See e.g.*, *Gregory v. United States*, 149 Fed. Cl. 719, 724 (2020) (holding that "[t]he taxpayer signature requirement is statutory in nature and thus the waiver doctrine is inapplicable"); *Brown v. United States*, 151 Fed. Cl. 530, 536 (2020) (holding that "the taxpayer signature requirement is statutory and, therefore, cannot be waived"); *Quattrini v. United States*, 2021 WL 1085927, at *6 (holding that plaintiffs who fail to comply with the statutory signature verification requirement have not "duly filed" their tax refund claims as required to invoke the Court's jurisdiction under the Tucker Act). As discussed above, it is undisputed in this tax refund case that plaintiffs have not complied with the signature verification requirement set forth in I.R.C. Sections 6061 and 6065 in connection with the filing of the amended tax return upon which they rely to bring this tax refund matter. Given this, plaintiffs have not "duly filed" their tax refund claim as required by 26 U.S.C. § 7422. And so, the Court must dismiss this tax refund matter for lack of subject-matter jurisdiction.[4]  26 U.S.C. § 7422(a); RCFC 12(b)(1).

---

[4] The Court is also not persuaded by plaintiffs' argument that the informal claim doctrine revives their tax refund claim, because it is undisputed that plaintiffs did not file an amended tax return to correct the deficiencies in their 2016 amended tax return prior to commencing this action. Pl. Resp. at 10; *Computervision Corp. v. United States*, 445 F.3d 1355, 1372 (Fed. Cir. 2006) (holding that the informal claim doctrine did not apply where a suit was brought before plaintiff's claim was perfected). Because the Court concludes that the signature verification requirement is statutory and cannot be waived, the

## V. CONCLUSION

In sum, plaintiffs have not shown that their tax refund claim has been "duly filed" with the Treasury Secretary, as required to invoke the Court's subject matter jurisdiction under the Tucker Act.

And so, for the foregoing reasons, the Court:

1. **GRANTS** the government's motion to dismiss; and

2. **DISMISSES** the amended complaint.

The Clerk shall enter judgment accordingly.

Each party shall bear its own costs.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby<br>
LYDIA KAY GRIGGSBY<br>
Judge

---

Court does not reach the issue of whether the IRS investigated the merits of plaintiffs' tax refund claim.